**IN THE COURT OF APPEALS OF IOWA**

No. 20-1680
Filed September 1, 2021

**IN THE INTEREST OF V.C.-S. and D.C.-S.,**
**Minor Children,**

**A.C., Mother,**
　　Appellant,

**S.S., Father,**
　　Appellant.
_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A mother and father separately appeal the termination of their respective parental rights. **AFFIRMED ON BOTH APPEALS.**

Alexandra M. Nelissen of Advocate Law, PLLC, Clive, for appellant mother.

Shane P. O'Toole, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

ConGarry D. Williams of Juvenile Public Defender office, Des Moines, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

A mother and father separately appeal the termination of their respective parental rights to their children, V.C.-S. and D.C.-S. Both challenge the statutory grounds authorizing termination, whether termination is in the children's best interests, and whether the juvenile court should have applied permissive factors to preclude termination.[1] We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73.

Here, both parents' rights were terminated under Iowa Code 232.116(1)(h) (2020). It authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

---

[1] Both parents make a passing comment about establishing a guardianship as an alternative to termination. But neither parent sufficiently develops an argument for our review. *See, e.g.*, *In re K.M.*, No. 19-1637, 2020 WL 110408, at *3 n.6 (Iowa Ct. App. Jan. 9, 2020); *In re O.B.*, No.18-1971, 2019 WL 1294456, at *2 (Iowa Ct. App. Mar. 20, 2019).

> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). Both parents limit their challenge to the last element. It is established when the State demonstrates the child cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

After reviewing the record, we conclude the children cannot be safely returned to either parent. Both parents have used methamphetamine in the past. It does not appear that practice has ended. For example, the juvenile court heard termination testimony over two days—and both parents tested positive for methamphetamine in between those two days. So their methamphetamine use was clearly ongoing at the time of the termination hearing. And "[a] parent's methamphetamine use, in itself, creates a dangerous environment for children." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020). The mother has even appeared under the influence of drugs during visitations with the children. And the father has threatened to kill his mother, who has physical care of the children, and a caseworker. Based on these facts, the children could not be safely returned to either parent. So the first step in our analysis is satisfied.

We move on to the second step in our analysis, which requires us to determine whether termination is in the children's best interests. We "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and

emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

For these children, termination is the way forward. The parents are unsafe, unstable, and unpredictable. And these children need and deserve safety, stability and permanency, all of which can be best achieved through termination. They are bonded with their paternal grandmother, in whose home they have lived almost their entire young lives. So we think termination is in their best interests.

Finally, we consider whether to apply any exceptions to termination identified in section 232.116(3). "[T]he parent resisting termination bears the burden to establish an exception to termination" under section 232.116(3). *A.S.*, 906 N.W.2d at 476. Both parents point to paragraphs (b) and (c). Under paragraph (b) the court may decline to terminate when "[t]he child is over ten years of age and objects to the termination." Iowa Code § 232.116(3)(b). Here, the children were one and two years old at the time of the termination hearing. So this exception does not apply. Paragraph (c) permits the court to decline to terminate when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child bond." *Id.* § 232.116(3)(c). Our review of the record does not reveal any parent-child bond so strong to preclude termination. So we apply no exception to termination of either parent's rights.

**AFFIRMED ON BOTH APPEALS.**